UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE HARRELL LEE                                           PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:18-CV-694-DPJ-FKB

ALLSTATE INSURANCE COMPANY                          DEFENDANT

ORDER

This insurance-coverage dispute is before the Court on Plaintiff Willie Harrell Lee's Motion to Remand [8]. Defendant Allstate Insurance Company ("Allstate") has responded in opposition. The Court, having fully considered the parties' submissions and the applicable law, finds that Lee's motion should be denied.

I.     Background

Lee alleges that Allstate wrongfully denied a claim under his homeowner's insurance policy for fire loss that occurred on November 23, 2017. Lee filed his Complaint on July 26, 2018, in the Circuit Court of Hinds County, Mississippi, against Allstate and John Does 1 through 10. In his Complaint, Lee seeks an unspecified amount of damages for, *inter alia*, breach of contract, tortious breach of contract, violation of good faith and fair dealing, and negligence. Compl. [1-1] at 3–5. In addition to actual damages, Lee requests "punitive, . . . nominal and/or statutory damages[,] . . . consequential and/or extra contractual damages[,] . . . attorney's fees and costs,    . . . [and] pre-judgment and post-judgment interest." *Id.* at 5.

On October 9, 2018, Allstate removed the case to this Court on diversity grounds, asserting that, "[t]he damages Plaintiff seeks in his complaint are clearly in excess of $75,000." Notice of Removal [1] ¶ 4. Lee disputes that assertion in his Motion to Remand.

II.     Standard

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Where, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether jurisdiction exists, the district court "considers the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

III.    Analysis

The parties agree that complete diversity of citizenship exists. But Lee says the Court must remand this case because Allstate has failed to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a). This is the sole issue, and for the following reasons, the Court concludes that jurisdiction exists.

The test for determining the amount in controversy is well settled. Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith. *Allen*, 63 F.3d at 1335 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When, as here, "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

The removing party can meet this burden in one of two ways: (1) by showing that it is "facially apparent" the claim exceeds $75,000 or (2) if the value is not "facially apparent," by "setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335. Under the second approach, the Court may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Id*. If Allstate carries its burden under either theory, then jurisdiction exists unless Lee proves to a legal certainty that the amount in controversy is less than $75,000. *De Aguilar*, 47 F.3d at 1412; *see also Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 711 (S.D. Miss. 2004).

According to Allstate, "Mr. Lee's demand for punitive damages, alone, is sufficient to meet Allstate's burden of establishing that the minimum amount in controversy has been met." Def.'s Mem. [13] at 8. As Allstate notes, "federal courts [in Mississippi] have recognized that a claim for [an unspecified amount of] punitive damages, . . . independently establishes that the total amount in controversy has been met." *Sun Life Assur. Co. v. Fairly*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007)).

But other cases "look more rigorously at the complaint's factual allegations to determine whether the combination of compensatory and punitive damages could truly support a recovery

above $75,000." *Evans v. Red Shield Admin. Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *1 (S.D. Miss. Aug. 17, 2018) (finding that an unspecified punitive damages demand is itself *insufficient* to meet the amount in controversy requirement). These cases generally note that due-process concerns limits the extent to which punitive damages can eclipse compensatory damages. *See Bridges v. Freese*, 122 F. Supp. 3d 583, 549 (S.D. Miss. 2015) (finding that plaintiffs with low-dollar compensatory-damage demands could not, "consistent with due process, . . . receive an award of punitive damages that would push the amount in controversy over $75,000"). As the Supreme Court noted in *State Farm Mutual Automobile Insurance Co. v. Campbell*, there is no bright-line test, but consistent with due process, punitive damages must be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." 538 U.S. 408, 426 (2003) (noting that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process").

So without knowing the compensatory damages, there is no way to know the legally permissible punitive damages. And here, Lee's Complaint offers no basis for determining the extent of his compensatory damages. *See* Compl. [1-1] at 5–6. Therefore, the amount in controversy is not facially apparent.[1]

---

[1] *See Webb v. Walmart*, No. 1:18-CV-397-LG-RHW, 2019 WL 576006, at *2 (S.D. Miss. Feb. 12, 2019) (finding amount in controversy was not facially apparent because facts failed to allege significant damages); *S&S Pharmacy v. Xerox Audit & Compliance Sol.'s*, No. 1:16-CV-269-LG-RHW, 2016 WL 4536882, at *2 (S.D. Miss. Aug. 30, 2016) (holding that due process would not likely permit a demand for $1,029 in compensatory damages and unspecified punitive damages to exceed the jurisdictional minimum). *But cf. White v. Allstate Ins. Co.*, No. 1:17-CV-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) ("An award of [punitive] damages in a 'single digit ratio' to the requested $25,000.00 in compensatory damages could easily exceed the $75,000.00 jurisdictional minimum.").

That said, the Court must still consider whether Allstate has established—through summary-judgment-type evidence—that the amount in controversy exceeded the jurisdictional minimum at the time of removal. *Allen*, 63 F.3d at 1335. Particularly, Allstate relies on three documents. First, Lee's "Sworn Statement in Proof of Loss" requested $92,945.34 for the fire damage to his property. Sworn Statement [1-2] at 1. Second, Allstate estimated a total replacement-cost value of $90,913.15. Allstate's Estimate [12-3] at 23. Finally, the policy's declarations page included limits of $89,000, making a recovery above $75,000 possible under the policy. *See* Policy [12-1].

These documents suggest an amount in controversy in the $90,000 range. But Lee now says the property was worth no more than $40,000. Lee Aff. [8-1] ¶ 5. It is doubtful Lee can change his position post-removal. *See Allen*, 63 F.3d at 1335. But assuming he can, and assuming further that he is correct regarding the loss, his claim for punitive damages still pushes the mark above $75,000. As noted in *Campbell*, "double, treble, or quadruple damages" have historically satisfied due process. 538 U.S. at 425. So even the lowest constitutionally acceptable multiplier would push the amount in controversy past $75,000 if the property was worth $40,000. And on top of that, Lee seeks attorneys' fees and other damages. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorneys' fees may be included in computation of actual amount in controversy if recoverable under law of case); *see also Cent. Bank of Miss. v. Butler*, 517 So. 2d 507, 512 (Miss. 1987) (holding attorneys' fees recoverable under Mississippi law when punitive damages are proper). The Court therefore concludes that Allstate has carried its burden to show by the preponderance of the evidence that the amount in controversy exceeded $75,000 when it removed the case.

The burden therefore shifts, and Lee must show with legal certainty that his claim is for less than $75,000. *De Aguilar*, 47 F.3d at 1412. Lee attempts to meet that burden by stating in his post-removal affidavit, "I am not asking for more than $75,000.00, nor will I accept more than $75,000.00 in this matter, including any and all damages, attorney's fees and/or court costs that may be awarded in this matter." Lee Aff. [8-1] ¶ 6.

The Fifth Circuit confronted a similar situation in *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A*, where the amount in controversy was not facially apparent, and the plaintiffs attached a post-removal affidavit declaring that no individual plaintiff suffered a loss greater than $50,000. 988 F.2d 559, 562 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). In deciding whether to consider the affidavit, the court looked to see if the defendants offered any corroborating facts to suggest that their amount-in-controversy valuation was correct. *Id.* at 566. The defendant did not. *Id.* Therefore, the Fifth Circuit reversed the district court's finding that jurisdiction existed, concluding:

> "Without purporting to resolve the question of the removing party's burden in all situations, we hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Id.*

But *ANPAC* is readily disguisable. Here, Allstate offered facts—not conclusory statements—establishing the jurisdictional amount at the time of removal. Moreover, Plaintiff's affidavit is not unrebutted; it conflicts with Allstate's record evidence. Accordingly, the second and third prongs are lacking.

Further, Lee may not defeat removal by subsequently changing his damage demand in a post-removal affidavit, because post-removal events do not deprive this Court of jurisdiction once it has attached. *Id.* at 565 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292–93). Indeed, the factual assertions in Lee's affidavit that arguably speak to an ambiguity in the complaint actually indicate that the jurisdictional minimum exists. And the only thing in the affidavit suggesting an amount below $75,000 is not factual in nature but merely an effort to stipulate that he will not accept any more.

Lee could have avoided this result by expressly pleading an amount in controversy below the jurisdictional threshold. But on this record, the Court finds that the amount-in-controversy requirement is satisfied. As a result, the instant case falls within the Court's subject-matter jurisdiction.

IV. Conclusion

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the result. Based on the foregoing, Lee's motion to remand [8] is denied. The Court therefore directs Lee to respond to Allstate's Motion to Dismiss [4] within five days of the entry of this Order pursuant to the parties' January 4, 2019 Agreed Order [14]. The Court also directs the parties to contact Magistrate Judge Keith F. Ball to reschedule the case management conference.

**SO ORDERED AND ADJUDGED** this the 9th day of April, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE